UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL D. HARRIS and JULIE A. GASKINS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MESSERLI & KRAMER, P.A.; DAIMLERCHRYSLER SERVICES NORTH AMERICA, LLC, f/k/a Chrysler Financial Company, LLC; and DISCOVER BANK,<br><br>Defendants. | Civil No. 06-CV-4961 (PJS/JJG)<br><br>ORDER |

　　Thomas J. Lyons, Jr., CONSUMER JUSTICE CENTER, P.A.; Thomas J. Lyons, LYONS LAW FIRM, P.A.; and Michael G. Phillips, LAW OFFICE, for plaintiffs.

　　Derrick N. Weber and Andrew J. Steil, MESSERLI & KRAMER, P.A., for defendant Messerli & Kramer, P.A.

　　Howard J. Roin, MAYER BROWN LLP; and Brian L. McMahon, McMAHON LAW FIRM LLC, for defendant DaimlerChrysler Services North America LLC.

　　This action arises out of an attempt by defendant Messerli & Kramer, P.A. ("M&K") to collect a debt owed by plaintiff Michael D. Harris to defendant Discover Bank (a client of M&K), and an attempt by M&K to collect a debt owed by plaintiff Julie A. Gaskins to defendant DaimlerChrysler Services North America, LLC ("DaimlerChrysler") (another client of M&K). In the course of attempting to collect these debts, M&K sent Harris and Gaskins an exemption notice that, apparently because of a transcription error, twice mentioned that the earnings of a minor child were exempt from collection, but altogether failed to mention that child support was similarly exempt. M&K sent the flawed exemption notice to an unknown number of debtors

(including Harris and Gaskins) before discovering and correcting the error. Harris and Gaskins, on behalf of themselves and a putative class of others who received the flawed exemption notice from M&K, bring claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., various state statutes, and state common law.

This matter is before the Court on the motion of M&K for judgment on the pleadings and on the motion of DaimlerChrysler to dismiss. These defendants raise numerous arguments in favor of dismissal, including the argument that the entire case must be dismissed as moot. The Court previously ruled on all of these arguments — agreeing with some, disagreeing with others — save for the argument regarding mootness, which the Court took under advisement. *See* Docket No. 47. For the reasons stated below, the Court now concludes that this case is not moot.

Plaintiffs filed this putative class action on December 20, 2006. On December 29, 2006, M&K made an offer of judgment pursuant to Fed. R. Civ. P. 68 for the entire amount that Harris and Gaskins could personally expect to recover in this lawsuit.[1] The offer did not include any recovery for putative class members, however, and thus the offer was rejected by plaintiffs. M&K and DaimlerChrysler now argue that, because their Rule 68 offer included all of the relief that plaintiffs themselves could recover in this lawsuit, the Rule 68 offer mooted plaintiffs' claims, and this entire case must therefore be dismissed for lack of jurisdiction. Plaintiffs respond that, because the Rule 68 offer did not include any relief for the putative class, the offer did not, in fact, give plaintiffs everything that they seek in this lawsuit, and therefore the offer did not moot the case.

---

[1] In their brief, plaintiffs contended that the Rule 68 offer would not have given them complete individual relief. Under questioning at oral argument, however, plaintiffs conceded that the offer did indeed include all of the relief to which they personally would be entitled.

Article III of the Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies." When a case becomes moot in the Article III sense — that is, "'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome'" — a court must dismiss the case for lack of jurisdiction. *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *see also Ali v. Cangemi*, 419 F.3d 722, 723-24 (8th Cir. 2005) (en banc).

It seems clear that, as a general matter, a Rule 68 offer that provides complete relief to the plaintiff renders the plaintiff's claims moot, even if the plaintiff refuses the offer. *See, e.g.*, *Goodmann v. People's Bank*, 209 Fed. Appx. 111, 115 (3d Cir. 2006); *Rand v. Monsanto Co.*, 926 F.2d 596, 597-98 (7th Cir. 1991); *Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir. 1986); *Abrams v. Interco Inc.*, 719 F.2d 23, 31-32 (2d Cir. 1983); *see also Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996) (recognizing that a district court should enter judgment against a plaintiff when the defendant's offer satisfies the plaintiff's entire demand for injuries and costs). The difficulty arises when a plaintiff seeks relief not only on behalf of himself, but on behalf of a class of others similarly situated. Does a Rule 68 offer that provides complete relief to the putative class representative but no relief (or only incomplete relief) to the putative class moot the entire case?

Courts agree that, if the class has been certified, the fact that the named plaintiff's individual claim becomes moot does not necessarily moot the entire case. *See Sosna v. Iowa*, 419 U.S. 393, 401-02 (1975). Courts also agree that, if the named plaintiff's claim becomes moot after class certification has been denied, he may pursue an appeal of the denial of his class-certification motion — necessarily implying that the entire case is not rendered moot. *See*

*Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339-40 (1980); *see also Geraghty*, 445 U.S. at 404 ("an action brought on behalf of a class does not become moot upon expiration of the named plaintiff's substantive claim, even though class certification has been denied").  Finally, courts agree that if the individual claim of the named plaintiff becomes moot for some reason *other than a Rule 68 offer* before the named plaintiff moves to certify the class, the entire case is rendered moot.  *See Shipman v. Mo. Dep't of Family Servs.*, 877 F.2d 678, 682 (8th Cir. 1989).  What courts do not agree upon is the question presented in this case:  When a Rule 68 offer is made to a putative class representative before he moves to certify the putative class, and that Rule 68 offer includes all of the relief to which the putative class representative is personally entitled but no relief for the other members of the putative class, does the Rule 68 offer moot the entire case?

    Courts have frequently recognized that, as a matter of policy, it would be unwise to permit defendants to frustrate class actions by using Rule 68 offers to "pick off" putative class representatives.  *See Roper*, 445 U.S. at 339 ("Requiring multiple plaintiffs to bring separate actions, which effectively could be 'picked off' by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions . . . ."); *Potter v. Norwest Mortgage, Inc.*, 329 F.3d 608, 612-13 (8th Cir. 2003) (noting that preventing defendants from "picking off" named plaintiffs was a consideration underlying *Roper*); *Roble v. Celestica Corp.*, No. 06-2934, 2007 WL 2669439, at *3 (D. Minn. Sept. 6, 2007) ("Allowing such a defensive strategy would frustrate the FLSA's collective action provision"); *Jancik v. Cavalry Portfolio Servs., LLC*, No. 06-3104, 2007 WL 1994026, at *3  (D. Minn. July 3, 2007) ("allowing a defendant to buy its way out of class

litigation merely by making a Rule 68 offer prior to a plaintiff's filing a motion for class certification would set a bad precedent"). The strategy of using Rule 68 offers to "pick off" class representatives obviously works best when a defendant has caused a relatively small amount of harm to a relatively large number of people. And yet it is precisely in those circumstances that a defendant is unlikely to be held accountable for the harm it has caused unless a class action can be maintained.

Of course, policy considerations — no matter how compelling — cannot create Article III jurisdiction where none exists. But in this case the manner in which defendants have attempted to moot the putative class action is relevant not only to policy issues, but to the question whether Harris and Gaskins have a sufficient "stake" in this case to meet Article III's case-or-controversy requirement.

As then-Justice Rehnquist observed in his concurring opinion in *Deposit Guaranty National Bank v. Roper*:

> The action is moot in the Art. III sense only if this Court adopts a rule that an individual seeking to proceed as a class representative is required to accept a tender of only his individual claims. So long as the court does not require such acceptance, the individual is required to prove his case and the requisite Art. III adversity continues. Acceptance need not be mandated under our precedents since the defendant has not offered all that has been requested in the complaint (i.e., relief for the class) . . . .

445 U.S. at 341 (Rehnquist, J., concurring). Citing this concurrence, the Eighth Circuit held in *Alpern v. UtiliCorp United, Inc.* that a named class representative is not required to accept a Rule 68 offer that provides all of the relief to which he is individually entitled, but not all of the relief that his complaint seeks on behalf of the class. 84 F.3d at 1539.

Defendants urge that *Roper* and *Alpern* are distinguishable. In those cases, the defendants made a Rule 68 offer *after* the denial of class certification. In this case, the defendants made a Rule 68 offer *before* the named plaintiffs moved for class certification. As defendants correctly point out, this distinction seems to have influenced at least some of the courts that have held that a Rule 68 offer made *before* the named plaintiff moves for class certification can indeed moot the entire case. *See, e.g.*, *Jones v. CBE Group, Inc.*, 215 F.R.D. 558, 564-65 (D. Minn. 2003); *see also Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994) (defendant's offer of a refund before plaintiff moved for class certification mooted plaintiff's claim).

With due respect to those courts, however, this Court is unable to discern why the question of mootness should turn on whether a Rule 68 offer is made before or after the putative class representative moves to certify the class.[2] The putative class representative, in the complaint, makes clear that he is seeking relief not only for himself, but also for a class of which he is a member. He might move immediately to certify the class, or he might wait a few days, or a few weeks, or a few months. But the timing of his motion to certify does not change the fact that, at all times, he is a putative class representative seeking relief for a putative class.

---

[2]It is possible that some of these courts may be motivated by a concern that a lackadaisical putative class representative could forever keep a putative class action alive merely by failing to move to certify the class. As M&K and DaimlerChrysler made their Rule 68 offer just over a week after plaintiffs filed this action, however, the Court is not confronted with such a situation in this case. Moreover, if a defendant believes that a putative class representative is waiting too long to move to certify the class, the defendant "may move for an order determining that the action may not be maintained as a class suit." *Cook County Coll. Teachers Union v. Byrd*, 456 F.2d 882, 885 (7th Cir. 1972); *see also Blihovde v. St. Croix County*, 219 F.R.D. 607, 612 (W.D. Wis. 2003) ("[U]nder Fed. R. Civ. P. 23(c)(1), either party may ask the court to determine whether class certification is appropriate.").

As then-Justice Rehnquist pointed out in his *Roper* concurrence, when a putative class action is filed, and the named plaintiff seeks relief for a class of which he is a member, a Rule 68 offer that provides relief only to the named plaintiff and not to the entire class does not provide all of the relief sought in the complaint — any more than would a Rule 68 offer that provided relief only to class members whose surnames start with the letters A through D.  And this is true regardless of whether the Rule 68 offer is made before or after the putative class representative moves to certify the class.

The Court also notes that making the mootness question turn on whether the Rule 68 offer is made before or after the putative class representative moves to certify the class is a terrible idea as a policy matter.  It would create a "race" between the parties, with the named plaintiff rushing to file a class-certification motion before the defendant makes a Rule 68 offer, and the defendant rushing to make a Rule 68 offer before the named plaintiff moves to certify the class.  No one benefits when judges are forced to decide premature, half-baked class-certification motions.  (That said, the Court acknowledges again that policy considerations cannot save a case that is moot from being dismissed.)

The bottom line is that Harris and Gaskins sought relief for a class; M&K and DaimlerChrysler made a Rule 68 offer that provided no relief for that class; Harris and Gaskins rejected that Rule 68 offer; Harris and Gaskins must now prove their case; and thus "the requisite Art. III adversity continues." *Roper*, 445 U.S. at 341 (Rehnquist, J., concurring).  Because this case is not moot, the motions of M&K and DaimlerChrysler to dismiss the case for lack of jurisdiction are denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the motions of M&K and DaimlerChrysler [Docket Nos. 9, 14] are DENIED insofar as they seek dismissal of plaintiffs' claims on the basis of mootness.

Dated: January 2, 2008               s/Patrick J. Schiltz
                                     Patrick J. Schiltz
                                     United States District Judge